### GEIPEL v. STEINWAY RY. CO. OF LONG ISLAND CITY.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

STREET RAILROADS—NEGLIGENCE—FINDING OF JURY.

A finding that plaintiff was injured by defendant's negligence is sustained by evidence that a collision occurred between plaintiff's cart, going in the opposite direction from defendant's trolley car, at a point where the roadway for wagons was only about 9 feet wide between defendant's track and the outer embankment; that the car was going at the rate of 10 miles an hour, but could be stopped in 15 feet; that plaintiff's horse became unmanageable, through fright; and that plaintiff signaled the motorman to stop when the car was 75 feet away, but that he was not looking in the direction the car was going,—though the motorman denied plaintiff's testimony.

Appeal from trial term, Kings county.

Action by Louisa Wilhelmina Geipel against the Steinway Railway Company of Long Island City. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

Jesse Johnson, for appellant.

Almet F. Jenks, for respondent.

BRADLEY, J. The plaintiff, when proceeding northerly on Lockwood avenue, in Long Island City, in her two-wheeled vehicle, drawn by one horse, driven by her, was injured by collision with the defendant's trolley car, going in the other direction. The plaintiff charges that the collision and injury were attributable solely to the negligence of the defendant. The evidence on the part of the plaintiff tends to prove that the roadway for wagons there was narrow,— only about 9 or 10 feet between the railroad track and the outer embankment; that when the car was from 75 to 100 feet away, approaching, the plaintiff's horse became frightened, and began to rear and back up, and backed her wagon onto the railroad track; that she then held up her hand, made motions, and hallooed for the car to stop; that the car did not slack its speed, but proceeded rapidly up near to, or at, the point of collision; and that, when the plaintiff gave such signals, she did not get the attention of the motorman, because he was not looking in the direction the car was going, but that his attention was then being given to a ball game going on off in another direction. There is a distinct and irreconcilable conflict in the evidence introduced by the parties, respectively, bearing upon the main issue; and we cannot undertake to say where the truth is on the subject, further than to conclude that the jury found and reflected it by the verdict. It is quite evident that the plaintiff's wagon was not, nor was her horse, on the railroad track at the time of the collision, but they were so near the track that in some manner the wagon and horse were struck by the car, or, by reason of the fractious movement of the horse, it and the wagon came in contact with the car, when it reached the place where they were, causing the plaintiff's injury. The evidence on the part of the plaintiff tends to

prove that the car struck the horse and wagon. The precise manner in which the collision occurred may not be an essential fact, and it is not so if the situation of the plaintiff, with her horse and wagon, was such as to have required the motorman, in the exercise of reasonable care, to slack up or stop his car when at such distance from the place of the accident as to enable him to do so and he did not. It concededly appears by the evidence that the car, when going at the rate of 10 miles per hour, could be stopped in 15 feet. And if, as the evidence on the part of the plaintiff tended to prove, her situation was apparently one of danger (if the car proceeded as it was going) when it was 75 to 100 feet away, and such situation should, and by the exercise of ordinary care would, have been seen by the motorman, and the car continued to go rapidly up to or near the point of the accident, the conclusion was permitted that the defendant was chargeable with negligence, and that such negligence was the cause of the calamity; also, that the plaintiff was free from contributory negligence. Whatever view we might have had of the case if the evidence had come to us for an original determination upon the merits, we cannot, in view of the fact that the jury saw and heard the witnesses, say that their verdict, founded upon the conflict in the testimony of the witnesses, is against the weight of the evidence.

There appears to be no error to the prejudice of the defendant on any rulings at the trial. Nor is it evident that the verdict was excessive in amount.

The judgment and order should be affirmed. All concur.